IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RODREKUS WATSON,<br><br>      Plaintiff,<br><br>      v.<br><br>EVANS MEMORIAL HOSPITAL, and JOHN/JANE DOES,<br><br>      Defendants. | CIVIL ACTION NO.: 6:24-cv-31 |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the following reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I recommend dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff is incarcerated at Smith State Prison in Glennville, Georgia. Doc. 1 at 3. On June 9, 2022, Plaintiff was sent to Evans Memorial Hospital because he injured his left hand. Id. at 5. Hospital staff evaluated Plaintiff. Hospital staff recommended a tetanus shot and an x-ray and "glued" Plaintiff's fingers. Id. An examining nurse told Plaintiff the wound "looked worse than what it really was." Id. No follow-up examination occurred. Plaintiff's injury became

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

worse, and Plaintiff now states that he cannot bend his first two fingers and cannot fully extend his third finger. Plaintiff alleges negligence on the part of Evans Memorial Hospital and its staff. Id. Plaintiff sues Evans Memorial Hospital and "individuals unknown." Id. at 4. Plaintiff does not specify these individuals' identities, but it appears from the face of the Complaint that they are hospital staff.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.      Plaintiff's Claims Under § 1983**

Plaintiff names Evans Memorial Hospital as a Defendant, as well as unnamed employees of the hospital. To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). A private party may only be deemed a state actor for § 1983 purposes if it (1) performed a public function; (2) was coerced or encouraged by the government; or (3) was interdependent with the government and participated in a joint action. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

Defendant Evans Memorial Hospital appears to be a non-profit hospital operated by a private corporation. Evans Memorial Hospital is not a proper Defendant under § 1983 because none of the three tests to determine if a private party is a public actor are satisfied under these facts. First, there is no indication that Evans Memorial Hospital performs a public function. Under the public function test, a private actor engages in state action if it "performs functions traditionally the exclusive prerogative of the state." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (citation and punctuation omitted). There is no authority for the proposition that healthcare qualifies as traditionally exclusive prerogative of the state. See Willis v. Univ. Health Svcs., Inc., 993 F.2d 837 (finding that even when a private hospital leases its facilities from the government, it is not performing a public function).

Second, under the "state compulsion test," the government must, as stated above, coerce or significantly encourage the constitutional violation in question. Focus on the Family, 455 F.3d at 1277 (citation and punctuation omitted). Again, there is no legal support for a proposition that provision of healthcare by a private hospital, without more, is evidence of

coercion or significant encouragement by the government.  See Cohen v. World Omni Fin. Corp., 457 F. App'x 822, 829 (11th Cir. 2012) (finding that, for state compulsion to exist, the state "must enter into the decision-making process, such that the private actor's choice may be deemed that of the state") (citing Langston ex rel. Langston v. ACT, 890 F.2d 380, 385 (11th Cir. 1989)).

Finally, joint action requires that "the state has so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise."  Focus on the Family, 455 F.3d at 1277 (citation and punctuation omitted).  This requires a "symbiotic relationship" between the private actor and the state that involves "the specific conduct of which the plaintiff complains."  Id. (citation and punctuation omitted).  In this case, it appears hospital staff made independent medical treatment decisions, and there is no indication from the Complaint that the government involved itself in those decisions in any way.  See Bell v. HCR Manor Care Facility of Winter Park, 432 F. App'x 908, 911 (11th Cir. 2011) ("[D]ecisions that ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State do not amount to state action.") (quoting Blum v. Yaretsky, 457 U.S. 991, 1008 (1982) (punctuation omitted)); see also Mehmood v. Guerra, 783 F. App'x 938, 941 (11th Cir. 2019) (noting that a private hospital and its employees were private parties not subject to suit under § 1983); Watson v. Mem. Health Univ. Med. Ctr., No. CV406-204, 2006 WL 3408216, at *1 n.1 (S.D. Ga. Sept. 18, 2006) (suggesting a § 1983 claim against defendant hospital was "legally insufficient" when plaintiff failed to allege it acted under color of state law or in concert with any state official); Hyde v. Bowman, No. CV419-091, 2020 WL 6566181, at *1 (S.D. Ga. Nov. 9, 2020) (dismissing a § 1983 claim against a hospital).  Plaintiff does not allege that Evans Memorial Hospital is affiliated with the state or otherwise meets the

4

threshold for a private party to be held liable under § 1983. Accordingly, to the extent Plaintiff seeks to proceed under § 1983 against Defendant Evans Memorial Hospital and its employees, his claims should be dismissed.

## II. Plaintiff's Claims Under Georgia Law

Plaintiff alleges in his Complaint that hospital employees were negligent. I have construed the Complaint to allege deliberate indifference to serious medical need under § 1983. If the Court were to construe Plaintiff's Complaint to also allege a state law claim of negligence, however, the Complaint would be due for dismissal for a lack of jurisdiction.

### A. Original Jurisdiction

To properly hear a case, a federal court must possess subject-matter jurisdiction. "Subject-matter jurisdiction is the court's statutory or constitutional power to adjudicate the case." Parsons v. Regna, 847 F. App'x 766, 770 n.8 (11th Cir. 2021) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)). Federal subject-matter jurisdiction is statutory and generally extends from 28 U.S.C. § 1331 for cases arising under federal law and 28 U.S.C. § 1332 when diversity of citizenship exists between the parties. See Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019) (describing these forms of jurisdiction and explaining the rationales for each). Subject-matter jurisdiction is a threshold requirement, one that "is inflexible and without exception." Ruhrgas Ag. v. Marathon Oil Co., 526 U.S. 574, 577 (1999) (citation omitted).

Plaintiff has not properly stated a federal claim, as already explained. In addition, diversity jurisdiction requires that a controversy be "between citizens of different States." 28 U.S.C. § 1332(a)(1). There is no indication from the Complaint that any party is a citizen of

5

any state but Georgia. As such, the Court does not possess original jurisdiction over any claims in this case.

### B. Supplemental Jurisdiction

District courts retain supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction," with exceptions. 28 U.S.C. § 1367(a). Related claims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Id. Supplemental jurisdiction "is, by its very nature, not original but additional" and "relies on the existence of some other basis of jurisdiction." Palmer v. Hosp. Auth., 22 F.3d 1559, 1565 (11th Cir. 1994). The Court lacks original jurisdiction over any claim in this case. The Court, therefore, also lacks supplemental jurisdiction over any state law claims.

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

### III. Leave to Appeal *in Forma Pauperis*

I also recommend the Court deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); seealso Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 30th day of May, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA